IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                No. 1:18-cv-01160-JDB-jay

ONE (1) CESSNA SKYHAWK MODEL 172M,
Tail No. N73134, Serial No. 17267281, and
ONE (1) BEECHCRAFT BARON MODEL B55,
Tail No. N7934K, Serial No. TC-648,

    Defendants.
_____

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
_____

*INTRODUCTION AND PROCEDURAL HISTORY*

In a verified complaint of forfeiture filed August 21, 2018, the Plaintiff, the United States of America, brought this civil action *in rem* to forfeit certain property, pursuant to 49 U.S.C. § 46306(d), arising from violations of 49 U.S.C. §§ 46306(b)(4) and (b)(5)(A). (Docket Entry ("D.E.") 1.) The property, seized from Ravinder "Ravi" S. Virdi on November 1, 2017, in Jackson, Tennessee, consists of:

    a.    One (1) Cessna Skyhawk Model 172M, bearing tail number N73134, serial number 17267281, with all appurtenances and attachments thereon, and including all keys, flight logs, and maintenance logs; [(the "Cessna")] and

    b.    One (1) Beechcraft Baron Model B55, bearing tail number N7934K, serial number TC-648, with all appurtenances and attachments thereon, and including all keys, flight logs, and maintenance logs [(the "Beechcraft")].

(*Id.* ¶ 2 (italics omitted).) At the time the complaint was filed, the property was in the custody of United States Customs and Border Protection ("CBP") in Fort Lauderdale, Florida.

On November 26, 2018, Barton A. Chase, III, M.D., filed a pro se irregular answer to the verified complaint, which consisted of a copy of a letter from Chase to CBP dated May 22, 2018, claiming a lienholder interest in the Beechcraft (D.E. 18-1), along with, among other documents, copies of a promissory note and security agreement, dated February 20, 2017, evidencing a loan in the principal amount of $60,000.00 from Chase TN Homestead LLC ("Chase TN"), a limited liability company Chase owned and managed, to Ritu Chaturvedi, secured by the Beechcraft (D.E. 18-2). In his cover letter addressed to the Clerk, dated October 9, 2018, he advised that he "also now [had] an interest in" the Cessna. (D.E. 18.)

On September 27, 2020, the Plaintiff moved to strike Chase's pro se filing because it failed to comply with Rule G(5) of the Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions or to establish Article III standing. (D.E. 28.) A few days later, Chase, through counsel, requested, without objection from the Government, leave to file an amended verified claim. (D.E. 30, 34.) The request was granted and, on October 2, 2020, an amended verified claim and an answer to the forfeiture complaint were filed on behalf of Chase and additional claimant Chase TN (collectively, "Claimants"). (D.E. 31-32, 38.) The Government's motion to strike was denied as moot in an order entered October 8, 2020. (D.E. 39.) The amended verified claim appeared to assert a claim only to the Beechcraft. Before the Court is the motion of the United States for summary judgment against Claimants in accordance with Rule 56 of the Federal Rules of Civil Procedure. (D.E. 41.) As the issues have been fully briefed, the motion is ripe for disposition.

*RELEVANT AVIATION STATUTES*

Under 49 U.S.C. § 44101, "a person may operate an aircraft only when the aircraft is registered[.]" 49 U.S.C. § 44101(a). "An aircraft may be registered . . . only when the aircraft is

. . . not registered under the laws of a foreign country and is owned by . . . a citizen of the United States [or] an individual citizen of a foreign country lawfully admitted for permanent residence in the United States[.]"[1] 49 U.S.C. § 44102(a). Upon application of the owner of an aircraft meeting the requirements of § 44102, the Federal Aviation Administration ("FAA") registers the aircraft and issues a certificate of registration to its owner. 49 U.S.C. § 44103(a)(1).

Section 46306(d) permits the Commissioner of CBP to seize and forfeit an aircraft "whose use is related to a violation of [§ 46306(b)], or to aid or facilitate a violation[.]" 49 U.S.C. § 46306(d)(1). Under subsection (b)(4) of the statute, one is prohibited from "obtain[ing] a [registration] certificate . . . by knowingly and willfully falsifying or concealing a material fact, making a false, fictitious, or fraudulent statement, or making or using a false document knowing it contains a false, fictitious, or fraudulent statement or entry[.]" 49 U.S.C. § 46306(b)(4). Subsection (b)(5)(A) proscribes one who "owns an aircraft eligible for registration" from "knowingly and willfully operat[ing], attempt[ing] to operate, or allow[ing] another person to operate the aircraft when . . . the aircraft is not registered[.]" 49 U.S.C. § 46306(b)(5)(A). "An aircraft's use is presumed to have been related to a violation of, or to aid or facilitate a violation of . . . subsection (b)(4) . . . if . . . the aircraft is registered to a false or fictitious person[] or . . . the application form used to obtain the aircraft certificate of registration contains a material false statement[.]" 49 U.S.C. § 46306(d)(2)(C). A violation of subsection (b)(5) is presumed to have been related to a violation "if the aircraft was operated when it was not registered[.]" 49 U.S.C. § 46306(d)(2)(D).

---

[1] The statute further permits registration of aircraft owned by "a corporation not a citizen of the United States when the corporation is organized and doing business under the laws of the United States or a State, and the aircraft is based and primarily used in the United States[.]" 49 U.S.C. § 44102(a)(1)(C). This subsection is not at issue in the instant case.

*STANDARD OF REVIEW*

Rule 56 provides in pertinent part that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, courts are to "view the evidence presented in the light most favorable to the nonmoving party and draw all justifiable inferences in favor of that party." *United States v. Real Prop. 10338 Marcy Rd. Nw., Canal Winchester, Ohio*, 659 F. App'x 212, 214 (6th Cir. 2016) (*Marcy I*) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "If the moving party satisfies its initial burden of showing an absence of genuine disputes of material fact, the nonmoving party must then present significant probative evidence to do more than show that there is some metaphysical doubt as to the material facts to defeat the motion." *Id.* (quoting *Ondo v. City of Cleveland*, 795 F.3d 597, 603 (6th Cir. 2015)) (internal quotation marks omitted).

*UNDISPUTED MATERIAL FACTS*

At the outset, the Court notes that both parties failed to comply with LR 56.1 of the local rules in responding to one another's statements of fact. Specifically, subsection (b) of the rule provides that the response to each fact "must be made on the document provided by the movant or on another document in which the non-movant has *reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant.*" LR 56.1(b) (emphasis added). "If the non-moving party has asserted additional facts, the moving party shall respond to these additional facts . . . *in the same manner and form as specified in section (b) above.*" LR 56.1(c) (emphasis added). In their responses to the proffered statements of fact, the parties merely articulated their responses to the facts, without reproducing them as the rule requires. The Court

4

takes a dim view of violations of procedural rules, whether they be federal or local, and admonishes counsel that such violations may result in future filings being summarily stricken from the docket.

Moving on to the substance of the motion, the undisputed facts for purposes of summary judgment are as follows. Except for the interrogatories and answers thereto set out below, these facts are presented in the affidavit of CBP Air Interdiction Agent Jacob Dreher, attached as an exhibit to the Government's verified complaint. (*See* D.E. 1-2.)

According to the affidavit, in order to register an aircraft, the FAA requires an applicant to provide certain documentation to the agency's Aircraft Registration Branch located in Oklahoma (the "Registration Branch"): (1) an Aircraft Registration Application (AC Forms 8050-1 and 2), (2) evidence of ownership (AC Form 8050-2), and (3) a $5.00 registration fee made payable to the FAA. The entity responsible for submitting the registration application is the purchaser of the aircraft. If the purchaser intends to operate the aircraft, the application must be submitted upon completion of the sale. The 8050-1 form consists of two copies. When the purchaser submits the top white copy of the form to the Registration Branch, he is authorized to lawfully operate the airplane for a period not to exceed ninety days. The bottom copy of the form is maintained in the aircraft as proof of a pending registration application.

An airplane may not be operated unless an 8050-1 form has been submitted. Below the signature block on the 8050-1 form, the following words appear: "When carried in the aircraft with an appropriate current airworthiness certificate or a special flight permit, a copy of the completed application provides authority to operate the aircraft in the United States for up to 90 days." (D.E. 42 at PageID 221.)

Based on Form 8050-1, the FAA determines whether the eligibility requirements for a certificate of registration have been satisfied. If it so determines, the agency, as a matter of course,

issues a certificate. Once it is lawfully registered, an aircraft is given a designated identification number, commonly known as a "tail number," which in the United States begins with the letter "N." The tail number must be displayed on the aircraft and is routinely painted on the craft's tail.

On October 29, 2017, Dreher and CBP Air and Marine Operations ("AMO") Air Enforcement Agent Eric Modisett travelled to McKellar-Sipes Regional Airport ("McKellar-Sipes") in Jackson in response to information provided by an airport employee following a routine airport check. The employee advised officials that an airport tenant, identified as Virdi, was "allegedly engaging in questionable behavior involving flight instruction." (*Id.* (internal quotation marks omitted).)

Initial research through open source internet inquiries and CBP official records systems indicated that two aircraft (tail numbers N73134 and N7934K), both associated with Virdi's business, Aero Academy International LLC, were registered and/or operated in violation of § 46306. Dreher contacted FAA special agents to verify the airplanes' registration status and operational activity. The agents' research revealed that the Beechcraft, bearing tail number N7934K, was registered on March 11, 2017, to Chaturvedi. She signed the application claiming to be a resident alien but, as of the date the agents conducted their research, she was a Canadian citizen and did not hold legal status in the United States. Registration of a United States aircraft by an individual not a United States citizen or legal resident alien constituted a violation of § 46306(b)(4).

A similar investigation into the Cessna (tail number N73134) indicated that an attempt to register the aircraft with the FAA was made by Chaturvedi on February 2, 2017. The agency denied the application due to improper and/or missing information on the registration application. The FAA attempted to contact Chaturvedi via United States certified mail, but the letter was

returned without reply. AMO research revealed that the Cessna had a record of flight in United States airspace on August 12, 2017, in violation of § 46306(b)(5)(A). The Cessna is registered neither in the United States nor abroad.

Upon Dreher's confirmation of the violations, he contacted agents of the Department of Homeland Security's Homeland Security Investigations office in Memphis, Tennessee, who seized, inventoried, and secured the aircraft at McKellar-Sipes before relocating them to Fort Lauderdale to await further proceedings in this matter.

During discovery, the Plaintiff propounded interrogatories to Chase, two of which, along with his answers thereto, follow:

> INTERROGATORY NO. 4: State with particularity your claimed interest in One (1) Cessna Skyhawk Model 172M, Tail No. N73134, Serial No. 17267281; and/or, One (1) Beechcraft Baron Model B55, Tail No. N7934K, Serial No. TC-648, ("the defendant aircraft") and the full circumstances under which it arose, and identify each document (and the name, address and phone number of the custodian) which supports your answer.
>
> RESPONSE: After understanding the circumstances that resulted in the seizure of the Cessna 172, I do not believe I have an actual claim to the Cessna.
>
> As far as the Beechcraft is concerned, I believe I do have a financial interest in the plane, as I am a lienholder on the plane as the only owner and member of Chase TN Homestead LLC from which a $60,000.00 loan was obtained by the owner of the plane.
>
> \*      \*      \*
>
> INTERROGATORY NO. 7: If you contend that the defendant property was not involved in a violation of 49 U.S.C. § 46306, please set forth the basis for your contention, **stating all claims and defenses** you will assert to avoid the forfeiture of the defendant aircraft, and identify each witness (by name, address and telephone number), and identify each document (and the name, address and telephone number of the custodian of the document) that supports your denial.
>
> RESPONSE: I believe now the plane, due to the alleged false claim concerning the citizenship of the, or the residential status of, the owners Ritu Chaturvedi and Mr. Virdi, was not register [sic] legally, and was flown illegally. I was not involved in

>this conduct and only loaned the money for the purchase of the plane. I am a lienholder and the aircraft is my collateral for the loan.

(*Id.* at PageID 223-24.)

## ASSERTIONS OF THE PARTIES AND ANALYSIS

Plaintiff identifies three bases for summary judgment: (1) no claim has been made to the Cessna, (2) no material factual dispute exists as to the acts giving rise to forfeiture of the Beechcraft, and (3) no affirmative defense to forfeiture was pleaded.

The general rules governing civil forfeiture are articulated in 18 U.S.C. § 983. *See United States v. $506,069.09 Seized from First Merit Bank*, 664 F. App'x 422, 433 (6th Cir. 2016). In such actions, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). "This burden requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Real Prop. 10338 Marcy Rd. Nw., Canal Winchester, Ohio*, 938 F.3d 802, 808 (6th Cir. 2019) (*Marcy II*) (quoting *Concrete Pipe & Prods. of California, Inc. v. Constr. Laborers Pension Tr. for S. California*, 508 U.S. 602, 622 (1993)) (internal quotation marks omitted). "If the United States meets its burden, it will prevail unless a claimant introduces evidence to support his case." *Id.* at 809 (quoting *United States v. Cunningham*, 520 F. App'x 413, 415 (6th Cir. 2013)).

## The Cessna

The Court finds that the Plaintiff has satisfied its burden of demonstrating there is no genuine issue of fact that the Cessna was operated in United States airspace without registration and, therefore, is subject to forfeiture under § 46306(d). Indeed, Claimants do not contend otherwise. It appears from the absence of argument relative to this aircraft in their brief, the amended verified claim's assertion of a claim only to the Beechcraft, and Chase's answer to

Interrogatory No. 4 that any claim to the Cessna has been abandoned.  Plaintiff's motion for summary judgment as to the Cessna is, therefore, GRANTED.

## The Beechcraft

The Government has likewise established the absence of a genuine issue of fact that Chaturvedi made false statements in her application for a registration certificate for the Beechcraft, rendering it also subject to forfeiture under § 46306(d).  Again, Claimants have offered no argument or evidence to the contrary.

Where the Government has shown forfeitability, as is the case here, forfeiture may be avoided if a claimant can successfully demonstrate, by a preponderance of the evidence, that he is an "innocent owner" of the property.  18 U.S.C. § 983(d)(1).  An "owner" under subsection (d) is defined as "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest[.]"  18 U.S.C. § 983(d)(6).  An innocent owner is one who "did not know of the conduct giving rise to forfeiture" or "upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property."  18 U.S.C. § 983(d)(2)(A).  The latter may be shown by giving "timely notice to an appropriate law enforcement agency of information that led the person to know the conduct giving rise to a forfeiture would occur or has occurred[.]"  18 U.S.C. § 983(d)(2)(B)(i)(I).  If the burden is satisfied, the innocent owner's interest in the property "shall not be forfeited under any civil forfeiture statute."  18 U.S.C. § 983(d)(1).

Claimants submit that they are innocent owners of the Beechcraft.  The Government insists, however, that this affirmative defense to forfeiture was not properly pleaded and, therefore, has been waived.  The Federal Rules of Civil Procedure require that, "[i]n responding to a pleading, a

9

party must affirmatively state any avoidance or affirmative defense," including certain defenses enumerated in the rule. Fed. R. Civ. P. 8(c). Although not one of the defenses listed in the rule, innocent ownership is an affirmative defense to a civil forfeiture action. *See United States v. Real Prop. Located at 2621 Bradford Dr., Middletown, Butler Cty, Ohio*, 369 F. App'x 663, 665 (6th Cir. 2010). The purpose of Rule 8(c) "is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 680 (6th Cir. 2018) (quoting *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993)), *cert. denied*, 139 S. Ct. 1551 (2019). "Failure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004). "It is well established, however, that failure to raise an affirmative defense by responsive pleading does not always result in waiver." *Brent*, 901 F.3d at 680 (quoting *Coffey*, 992 F.2d at 1445). "[I]f a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." *Id.* (quoting *Coffey*, 992 F.2d at 1445).

To be sure, Chase did not specifically raise the innocent owner defense by name in his pro se filing. Nor was the defense specifically invoked in the answer and amended verified claim filed by counsel on Claimants' behalf. However, Chase advised in his November 26, 2018, pro se filing that he held a lienholder interest in the Beechcraft and provided documentation to support his claim. He again indicated his interest in the Beechcraft in his answers to interrogatories. Consequently, there is little doubt the Government was on notice that Chase, as well as his company, intended to claim an interest in the Beechcraft. Plaintiff has not established that it was surprised or suffered prejudice when Claimants did raise the defense. *See Rogers v. Internal Revenue Serv.*, 822 F.3d 854, 856-57 (6th Cir. 2016) (while party "could have been more diligent

in raising its defense," raising affirmative defense for the first time in a summary judgment motion did not result in prejudice and opposing party had ample opportunity to respond; therefore, district court did not abuse its discretion in finding the defense had not been forfeited); *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (finding party's failure to raise affirmative defense until summary judgment stage not fatal where such failure did not result in surprise or unfair prejudice to opposing party); *see also United States v. Real Prop. Known as 19026 Oakmont S. Dr., Located in S. Bend, Indiana*, 715 F. Supp. 233, 234-36 (N.D. Ind. 1989) (where claimant did not assert innocent owner defense until objecting to a report and recommendation on the government's motion for summary judgment, defense was not waived as government was not prejudiced by the tardy assertion and was afforded ample opportunity to argue against it). Based on the facts of this case, the Court finds no reason to conclude that Claimants' technical failure is fatal to their innocent owner defense.

Plaintiff also presents argument for the first time in its reply brief that Claimants have failed to establish the elements of the innocent owner defense. However, this assertion comes one brief too late. As the Sixth Circuit recently chided the plaintiff in *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254 (6th Cir. 2018), "[t]ime, time, and time again, we have reminded litigants that we will treat an argument as forfeited when it was not raised in the opening brief." *Island Creek Coal*, 910 F.3d at 256 (quoting *Golden v. Comm'r*, 548 F.3d 487, 493 (6th Cir. 2008)) (internal quotation marks omitted). The motion for summary judgment with respect to the Beechcraft is DENIED.

*CONCLUSION*

For the reasons articulated herein, the Government's motion for summary judgment is GRANTED IN PART and DENIED IN PART. This matter will proceed to trial as to the Beechcraft only.

IT IS SO ORDERED this 21st day of April 2021.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE